IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PATRICIA LUCAS and LEEANN          §
STEADMAN,                          §
                                   §
            Plaintiffs,            §
                                   §
V.                                 §          No. 3:13-cv-3967-BN
                                   §
SAM H. INVESTMENTS, INC., d/b/a    §
"IN & OUT / FUEL CITY" and RAJ     §
AGRAWAL,                           §
                                   §
            Defendants.            §

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR ENFORCEMENT OF SETTLEMENT AGREEMENT

This case was closed on the Joint Stipulation of Dismissal with Prejudice filed by Plaintiffs Patricia Lucas and Leeann Steadman and Defendants Sam H. Investments, Inc. d/b/a "In & Out / Fuel City" and Raj Agrawal. *See* Dkt. No. 16. Plaintiffs have now filed a Motion for Enforcement of Settlement Agreement. *See* Dkt. No. 18.

For the reasons explained below, Plaintiffs' motion [Dkt. No. 18] must be denied for lack of jurisdiction.

### Background

Plaintiffs filed this action against Defendant alleging causes of action under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b). Thereafter the mediator filed a report with the Court that the case had settled as a result of mediation. *See* Dkt. No. 13. The Court then issued an order requiring the parties to file dismissal papers

with the Court. *See* Dkt. No. 14; *see also* Dkt. No. 15. Plaintiffs and Defendants then filed their Joint Stipulation of Dismissal with Prejudice, which provided that "Plaintiffs and Defendants by and through their undersigned counsel hereby stipulate and agree to dismiss with prejudice all claims asserted or that could have been asserted by and among Plaintiffs and Defendants in this action" and that "[t]he parties also hereby agree and stipulate that each party shall be solely responsible for their own attorneys' fees and costs." Dkt. No. 16 at 1. Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), this stipulation of dismissal signed by all parties who have appeared terminated the case. *See* FED. R. CIV. P. 41(a)(1)(A)(ii).

Plaintiffs have now filed a motion asking the Court to enforce the parties' settlement agreement. *See* Dkt. No. 18. Plaintiffs explain that, following the mediation, "the Parties entered into a settlement agreement for $6,000, to be paid on a three (3) month installment plan" and that, "[p]er the Agreement, Defendants were to tender settlement monies on or before the first October 2014, January 2015 and April 2015." *Id.* at 1. Plaintiffs report that "Defendants have not tendered any payment and has therefore violated the terms of the Agreement." *Id.* at 2. Plaintiffs contend that "the parties' settlement agreement was incorporated into this Court's order that the parties file a dismissal of this case with prejudice and therefore was incorporated into the dismissal as well"; that "[t]he parties submitted, and the Court then entered, a dismissal because, and solely because, the parties reached a binding settlement"; and that, "[a]s a result, compliance with the settlement agreement became a decree of this Court, and one that the Defendants have violated and ignored." *Id.*

By their Motion for Enforcement of Settlement Agreement, "Plaintiffs respectfully request that this Court enforce the settlement reached in this case, and a. Direct the Defendants to either immediately make the payments required by the Parties' Agreement or appear before the Court to show cause as to why they have not complied; b. Award Plaintiffs all reasonable attorney's fees and costs associated with bringing the instant Motion pursuant to 29 U.S.C. § 216(b); and, c. Award Plaintiffs such other and further relief as the Court deems necessary and proper." *Id.* at 3-4.

## Legal Standards and Analysis

The Court cannot agree that the parties' settlement agreement was incorporated into this Court's order requiring the parties to file dismissal papers and therefore was incorporated into the dismissal as well. No order of the Court expressly incorporated any settlement agreement, and no settlement agreement was ever presented to the Court. The Court did not even enter an order of dismissal because the parties filed a Joint Stipulation of Dismissal with Prejudice that was effective immediately upon filing without the need for any court order. *See* Dkt. No. 16; FED. R. CIV. P. 41(a)(1)(A)(ii) ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: ... (ii) a stipulation of dismissal signed by all parties who have appeared."); *SmallBizPros, Inc. v. MacDonald*, 618 F.3d 458, 461, 463 (5th Cir. 2010). As a result, the Court lacks jurisdiction to enforce the settlement agreement in this now-closed case.

In *SmallBizPros, Inc. v. MacDonald*, a case presenting essentially identical facts, the United States Court of Appeals for the Fifth Circuit explained that "a district

court may incorporate or embody the terms of a settlement agreement in a dismissal order or expressly retain jurisdiction over a settlement agreement by clearly indicating such intent in a dismissal order." 618 F.3d at 462-63. But, "[i]n either case, all parties must agree to such jurisdiction." *Id.* at 463. No order in this case meets these requirements, and the parties did not ask the Court to retain jurisdiction over a settlement agreement or embody the terms of any agreement in an order or reflect their agreement to such jurisdiction. *See* Dkt. Nos. 14, 15, & 16.

Here, as in *SmallBizPros, Inc. v. MacDonald*, the parties' stipulation of dismissal terminated the case and divested the Court of jurisdiction upon its filing. *See* 618 F.3d at 461-64. The Court of Appeals in that case explained that, "[e]xcept in special circumstances ... a voluntary order of dismissal requested by both parties is effective upon filing and does not require the approval of the court" and that, "[a]ccording to the text of Rule 41(a)(1)(A)(ii) and our precedent, a district court's jurisdiction over a case that is settled and voluntarily dismissed by stipulation cannot extend past the filing date absent an express contingency or extension of jurisdiction, and any further actions by the court [are] superfluous." *Id.* at 461 (internal quotation marks omitted) (citing *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995) ("According to [Rule 41(a)(i)(A)(ii)], such stipulations take effect when filed and do not require an order of the court. Therefore, the district court's order approving the dismissal is of no consequence.")).

> Because filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because

the matter has already been dismissed by the parties themselves without any court action. Any dismissal order entered by a district court after the filing of a voluntary dismissal is "superfluous."

*Id.* at 463 (citation omitted).

"Therefore, to ensure that jurisdiction is retained so a district court has the power to enforce the terms of a settlement agreement, either (i) all of the requirements for retaining jurisdiction must be met at the time of filing, or (ii) the filing's effectiveness must be contingent upon a future act (such as the district court issuing an order retaining jurisdiction)." *Id.* Thus, "[i]n addition to the parties timing the effectiveness of a stipulation of dismissal properly, ... the terms of any district court dismissal order must expressly retain jurisdiction or must otherwise embody the terms of the agreement within the dismissal order so that any violation of the terms would also be a violation of the court's order." *Id.* at 464; *accord Adam Techns. Int'l S.A. de C.V. v. Sutherland Global Servs., Inc.*, 729 F.3d 443, 449-50 (5th Cir. 2013).

Here, the Court did not enter any dismissal order, and its order requiring the filing of dismissal papers was not itself a dismissal order and, in any event, did not incorporate any settlement agreement, embody the terms of any agreement, or expressly retain jurisdiction over any settlement agreement by clearly indicating such intent in the order. *See* Dkt. No. 15. Likewise, the parties' Joint Stipulation of Dismissal with Prejudice did not incorporate any settlement agreement or make its effectiveness contingent on a future act, such as this Court's issuing an order retaining jurisdiction. *See* Dkt. No. 16. Neither did the stipulation attach any settlement agreement – but, even if it had, that would not suffice to provide this Court with

ongoing jurisdiction to enforce the settlement agreement after dismissal. *See SmallBizPros*, 618 F.3d at 462-64.

As the Court of Appeals explained in *SmallBizPros, Inc. v. MacDonald*, "jurisdiction is a strict master and inexact compliance is no compliance." *Id.* at 464. Here, just as in that case, the parties' joint stipulation "effectively dismissed the case when it was filed ... pursuant to Rule 41(a)(1)(A)(ii)," "did not expressly provide for ancillary jurisdiction," and "did not make the dismissal expressly contingent upon the district court's signing [any order] or upon any other act." *Id.*; *accord* Dkt. No. 16. Neither did the Court enter "a proper dismissal order" that would "expressly retain jurisdiction or ... otherwise embody the terms of the agreement within the dismissal order so that any violation of the terms would also be a violation of the court's order." *Id.*

"The parties could have filed a joint 'stipulation and order of dismissal,' expressly provided for ancillary jurisdiction or embodied the terms of the settlement in the order, and made the filing contingent upon the district court's entry of the order, but they chose not to do so." *Id.* Because they did not, as in *SmallBizPros, Inc. v. MacDonald*, the Court "lack[s] jurisdiction to enforce the terms of the settlement agreement." *Id.*

Plaintiffs do not identify, and it is clear to the Court that there is not, any other independent basis – that is, independent of the basis for the Court's subject-matter jurisdiction over Plaintiffs' underlying Fair Labor Standards Act claims – for federal jurisdiction to enforce the settlement agreement. *See generally Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378-82 (1994). Plaintiffs acknowledge that a settlement agreement is a contract. *See* Dkt. No. 18. "[S]tate law governs the enforcement of contracts, including settlement agreements that result in the dismissal of federal suits," and "an action to enforce a settlement agreement is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Venable v. La. Workers' Compensation Corp.*, 740 F.3d 937, 945 (5th Cir. 2013) (internal quotation marks omitted).

Here, there is no basis on the face of the pleadings or Plaintiffs' motion to invoke federal-question jurisdiction under 28 U.S.C. § 1331 over what is an assertion of breach of contract sounding in state law. *See Kokkonen*, 511 U.S. at 377-78. And Plaintiffs' complaint makes clear that there is not complete diversity between Plaintiffs (one of whom is alleged to be Texas citizen) and Defendants (alleged to be Texas citizens) as required for diversity jurisdiction under 28 U.S.C. § 1332. *See* Dkt. No. 1 at 1-2.

## Conclusion

The Court DENIES Plaintiffs' Motion for Enforcement of Settlement Agreement [Dkt. No. 18] for lack of jurisdiction.

SO ORDERED.

DATED: September 18, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE